United States Court of Appeals for the Fifth Circuit is now open according to law. God save the United States and the Senate will court. Good afternoon. Our first case for today is 2019 30761 Leo v. Jeld-Wen. Mr Davies, you may proceed. Afternoon, Your Honor, and may it please the court. My name is Trevor Davies. I appeals the judgment rendered in the Middle District of Louisiana following a jury trial completed in November of 2018. The jury rendered a verdict, finding that the plaintiffs, Mr and Mrs Leo, knew or should have known that a redhibitory defect in the Jeld-Wen windows in their home existed before August 29th of 2015. Under Louisiana law, pursuant to Louisiana Civil Code 2534 and the case law cited in Jeld-Wen's brief, the impact of the jury's factual finding, their factual determination, is that the Leo's claims against Jeld-Wen are prescribed and must be dismissed. This litigation stems from water intrusion issues at the plaintiff's homes. They built the home in 2007 and 2008. They moved in in 2008, and immediately upon moving in, they began experiencing water intrusion issues. They contacted the general contractor who built the home, who performed inspections and proposed solutions. For the next several years, the water intrusion issues continued, and the evidence of a problem with the windows mounted. In 2012, a leak detection company told the Leo's there was an issue with the seal around the windows. In March of 2013, the plaintiffs made a claim to Jeld-Wen, alleging that water was getting into their home through the windows. In plaintiff's own words, on March 18th of 2013, they said, We believe some of the water leak issues to be a defect in the window itself. The jury heard that evidence. The jury heard the Leo's own statements, stating that they believed as of March 2013 they believed there was a defect in the window, and they determined that the plaintiffs therefore knew before August 29th 2015 that there was a defect in the window. And under redhibition law in Louisiana, uh, they had a one year period of time to file a lawsuit asserting those redhibitory defect claims. Their lawsuit against Jeld-Wen was not filed until August 30th of 2016, which was more than three years after the plaintiffs themselves reported a defect in the window to Jeld-Wen. So in this case, why is it important to enforce the prescriptive period or statute of limitations? The plaintiffs filed a lawsuit against their general contractor in November of 2013, almost three years before they sued Jeld-Wen. That litigation against the general contractor was stayed in favor of arbitration. The general contractor brought in all the subcontractors who were involved in building the Leo's homes. Um, ultimately, the arbitration ended in a settlement that was finalized around July of 2015 shortly before the plaintiffs turned their attention again to Jeld-Wen to assert claims related to defects in the windows. Mr Davies? Yes, Judge. Assuming that you're correct, and the jury was correct that the one year statute of limitations applied for the redhibitory claims. What? How does that affect, if at all, the breach of warranty claims, which the jury also found? I don't see in Louisiana law that that that there can't be breach of warranty claims. So perhaps you can help us with that. Um, the Marseilles case from the Louisiana Fourth Circuit that we cited in our brief, um, talks about that distinction and points out that there actually is none when the damages arise in redhibition. So a claim for redhibition is the same as a claim for breach of warranty when the damages sought are for those in redhibition. In particular, the Fourth Circuit held because damages caused by breach of warranty are founded not in contract. As the case here, it wasn't found in scripted period for the redhibition claims. And I think your honor may be looking at the verdict form where we've got item number two, a factual determination for the jury to decide whether or not the redhibitory defect was known or should have been known to the plaintiffs at a certain date. That is. That is merely a factual determination that the parties asked the jury to make. Um, I noted in the Leo's briefing there was comments about the jury not finding that the breach of warranty claims were prescribed, but the jury was never asked to make that legal determination because that's that's what that is. It's a legal determination as to whether or not a claim is prescribed. They were merely asked to make the factual determination that the plaintiffs knew or should have known of the defect before a certain date. That's where Council. What do you do with the fact, though, that the plaintiff's position was that Geldwin failed to perform its obligations and that that's what gives rise to the breach of warranty, not the defect in product itself? The damages are the same, and that is precisely what the Marseilles court is is referencing, we believe, because the damages arising from the alleged breach of warranty and failure to inspect and failure to repair those damages would be the same as would have arisen from a defect in the window itself. So I'm sorry, Judge. Go ahead. You go ahead. Judge Park Well, I'm far from one to claim I'm an expert on redhibition. But as I understand redhibition in general terms, you're saying I did not get what I paid for. So you owe me the purchase price. That's very simplistic breach of warranty. They're seeking direct damages, etcetera, that they're not precluded by this warranty. And I don't see why you're saying that the damages are the same. The damages for approximately $37,000 the cost they paid for the windows. But the but the jury finding for the damages upheld on motion for judgment as a matter of law is in time set. And what is your basis for saying all they could have recovered was the amount they paid for the windows under the breach of warranty? Judge, we believe that all of the claims are prescribed and the case should be dismissed. Okay, let's get past that to why you're saying that if they do prevail on breach of warranty, that they could only recover the purchase price of the windows. The terms of the warranty itself. The warranty provides, um, the sole and exclusive remedy with respect to any and all that losses or damages shall be specified above. And then it's specified. It says if we are unable to provide replacement parts and repair is not practical or cannot be made timely, then we will refund the purchase price. I'd need to point out that a retribution claim would entitle the plaintiffs to far greater relief than what's provided under the warranty. And that's why questions read the rest of that clause to us about you cannot recover for certain damages. Read that to us. You're referring to, um, what this warranty does not cover where it's the types damages. Yeah, Geldwin is not liable for. And then it has a approximately 10 bullets of things that Geldwin is not liable for. Right. Go ahead. Normal wear and tear, natural weathering of surfaces, naturally occurring corrosion, tarnishing of hardware finishes, damages to surfaces caused by chemicals, glass breakage, um, slight imperfections and or wavy distortions. Um, I think the the what you may be getting a judge is the incidental or consequential damages prevented. Read that part. Yeah, this warranty does not cover incidental or consequential damages, right? It doesn't say anything about not covering direct damage, but it also specifies exactly what is covered. If replacement cannot be made is not practical or cannot be made timely. And so the damages that could be recovered on a successful retribution claim, one that's not prescribed would would exceed, uh, the items mentioned in the warranty. And that includes investigative costs, and it's not all on the on the verdict form of loss of enjoyment, mental anguish. All those items could be recovered in retribution. And that's why these plaintiffs sued in retribution because the warranty did not provide recovery for those types of damages. And in looking at the verdict form, that's precisely why there's only one line where it says breach of warranty. Um, because where do you think Judge Jackson went awry in his denial of your J. M. O. L. Motion? I believe Judge Jackson went awry because, um, he treated the breach of as something different than the retribution claim. And Louisiana law provides that of Louise of breach of warranty claim is subsumed in a retribution claim, and it needs to be treated as a retribution claim for purposes of prescription. And that's because the Marseilles case found that any claim that's brought just because there is a warranty doesn't mean that it is a breach of warranty claim. If the damages allegedly sustained were the result of a red inhibitory defect, and that's precisely what this case is. And the Marseilles case is practically 100% on point because you've got, in fact, a window manufacturer in that case where a general contractor brings them in. But they brought them in three years after they knew or should have known of a problem with the windows. And the Fourth Circuit in that case said, Well, there may be a 10 2030 year warranty on the windows, but it doesn't matter because the basis of your claim is red inhibitory defects in the windows, and that those are the damages you're trying to seek. And because in Louisiana we allow for much broader recovery in retribution, uh, the Legislature wanted a one year prescriptive period on retribution claims. And, in fact, this be treated as well. There's a reason why there's a one year prescriptive period for retribution claims, and this court found that in the PPG industry case, um, in 1982. And this court held the reason for the short prescriptive period in red inhibitory actions is the practical necessity to determine promptly and certainly whether the article so sold did or did not have the vice's claim. And the reason that that's significant in this case is because the plaintiffs filed a lawsuit against their general contractor and spent two years litigating that lawsuit involving subcontractors involving insurance companies. And Geldwin was kept out of that. Geldwin was not involved, despite Geldwin being referenced in the petition itself nine times. And so Geldwin is is on the sidelines of that lawsuit. Um, and the issues are being litigated about improper installation, roofing issues, other problems, defects in the home construction as well as major storms that impacted the home. So those parties litigate those issues. Geldwin's kept on the sidelines, and they ultimately reach a global settlement, the amount of which was excluded from the trial. But it's in the appellate record. Um, and so Geldwin did not have a chance to participate in that lawsuit and do the discovery and do the investigation from that 2013 lawsuit. And that is precisely why or the reason why that there's there's a prescriptive period of one year because also, can I ask? Just as a matter of curiosity, couldn't they brought him in if they chosen to under some sort of responsible third party theory to this? Louisiana have the similar aspect is Texas law in that regard. The plaintiffs could have brought Geldwin into that March 2000. I'm sorry into the plane. It's one of the other defendants. Absolutely. Yes, or not brought them in, but just have them listed in a blank somewhere where they're not actually a third party who's responsible. So that lessens the responsibility of those involved. Yes, and that's precisely what happened in this case, except Geldwin wasn't at it. So, for example, the plaintiff sued the general contractor. The general contractor in turn sued, you know, four or five different subcontractors to bring them in, you know, basically a shotgun approach, saying we're not liable for the water intrusion issues. You all are liable. Geldwin should have been brought in at that time. And because you say about the sea innovation case out of the eastern district of Louisiana, the sea innovation case, um, is is distinguishable from from our case. Um, the and this is why again it turns on the damages. Okay, Judge James cited the Holbrook case in making his decision in in the sea innovation case and and what he said in the limited circumstances where a buyer such as the Leo's Sousa manufacturers such as Geldwin for economic damage is not covered in retribution and not caused by the product itself. It may bring a breach of contract claim for those damages. And this is this illustrates the point that Marseille was making, and that is that Judge James found if you've got damages as a buyer of products that are not caused by the product itself, then you can make your separate breach of warranty or breach of contract claim. In this case, the plaintiffs sued Geldwin for the damage caused by the windows themselves. There is no separate item of damages, um, for breach of warranty. They're claiming that they were caused by the items themselves. And I believe that the sea innovation case was actually based on fraud that I think the Judge James allowed the case to proceed as to a fraud in contract type theory as opposed to the damage caused by the product itself. Thank you, Mr Davies. You've saved time for rebuttal. Thank you, Mr Huddleston. Good afternoon, your honors. So we agree that under the express Louisiana law, a breach of an express warranty against defects is governed under redhibition. Under the law of redhibition, a manufacturer who produces and sells a product that has a defect is liable for return of the In this case, the jury held that Geldwin breached its express warranty against defects, that the claim was timely, contrary to representations by Geldwin, and they awarded the plaintiff a lump sum in damages. The trial court then failed to award return of the purchase price or attorney's fees. We think it's pretty clear. We think all sides agree that this is the law that remedies available under the law of redhibition. Geldwin obviously has two defenses to this position. One is prescription, and the other is waiver. I'll start with with prescription. Um, but how about starting with where you agree? Under a certain circumstances, redhibition and breach of warranty cover the same to cover the defect. Explain to us why breach of warranty is okay on other areas, as was found by the jury and held by the judge. Your Honor, it has to do with separate claims. So we have a defect in a window. A window, by its very nature, is supposed to stop the water from coming in, and it didn't do that. That's not an issue that's within this express warranty. The express warranty governs against things such as rot, premature deterioration. These air. These air would windows with a aluminum cladding outside, and so they have this warranty on their wood that you install these wooden windows. They won't rot and decay for 20 years. Well, during the course of the, um, we absolutely pled in the petition breach of warranty. We put in the pretrial order premature deterioration and breach of warranty, and it was on the jury form. Those air separate claims. What Geldwin is essentially arguing is that assume there was a car manufacturer and and the brakes go out and have a defect in them on you fail to bring a lawsuit on the brakes. Well, later on, you find that there is a defect in the air bags. Well, the failure to bring a claim on your brakes does not affect your claim having to do with the air bags. These air entirely separate claims for different defects in the windows and for different failures of Geldwin. And so Geldwin tries to lump them all together and say, Well, because the jury found that the water intrusion claim was prescribed, well, it must have found that all the claims were prescribed, and that's not the case. The the the rotten wood claim was not discovered until after the lawsuit was filed. It was. It was in discovery. It was in the pretrial order, and it's on the jury verdict form, Your Honor. And that's under the basis, um, that we think the jury awarded those damages and under retribution, the law and the remedies of retribution apply if your product doesn't meet the warranty. It doesn't have the qualities that you said that it had. And that's that's what happened here. Um, and so Geldwin is their prescription argument. We have appealed the determination by the jury as to prescription, but I would just like to point out that whether that's overturned or not does not change the warranties that the plaintiff is entitled to under retribution. It would just be that, look, under Louisiana law, there is a Louisiana Supreme Court case directly on point. It's even a water intrusion case. It says, you know, if there if there's a question as to the source of the water prescription doesn't begin to run. That's Jordan versus employee transfer. There's Beth Israel. It's a very similar case. There was a roof leak in the Beth Israel case for years. It went on. They were investigating. They eventually filed a suit against their architect and their contractor, and eventually they found that, well, look, the manufacturer of the roofing tile, there's a product problem and there's a defect in the in the product. Court allowed them to bring that claim in and asserted in retribution. It's because you don't, water intrusion cases are just inherently challenging to determine, one, where's the water coming from? And you see that in this case. These these plaintiffs spent literally hundreds of thousands of dollars trying to track down and fix this issue until it was finally figured out exactly what the cause was. But counsel, the jury did not agree with your timeline. Uh, so why aren't you stuck on that on that? You know, there is some evidence that the KL emails said, believe the water issues to be a defect in the window itself. Back in March of 2013, there is that evidence in the record, and the jury can choose whether to believe that or to believe that it's, um, after your expert study in September of 2015, I guess. Isn't the jury free to believe either one of those? I don't think that thinking there's a defect is the standard. You have to have knowledge of, you have to discover the defect. There's no mention of a defective weather stripping in that email. This is the Legro case. It's been, this issue has been litigated in Louisiana and has been decided. Until the plaintiff knows what to claim, he can't proceed and sue somebody. In Legro, there was an engine, and the guy said, I think there's a problem with the can shaft. He kept taking it back to the manufacturer. They would say, no, we don't think that's what it is. He finally takes it to somebody else. They document, yep, that's what it is. It is the can shaft. The court said, well, prescription runs when you discover what the defect in the product is. And so we think- But your client ignored some of the returned calls and things during the time period in which they could have found it out, in which they were already suspicious that it was a defect. Didn't they ignore a series of inquiries? One, the defendant's customer service, and then on 4-24, and then in 7-23, they called again, and they said call the provider, and then they didn't call. They have several times where they could have done something after they thought it might be the window. I think the record will show they absolutely did something, that they had experts, water intrusion experts, to their home in that time period, and those experts determined that, one, it was difficult to determine, and so they sue what the experts are telling them. The windows might be a source, but they're really pointing at other issues, and so they proceed on those other issues. And this exact issue comes up in the Jordan case, where they see the potential source of water intrusion, but they think it's something else, and they pursue the other thing. The court says that's entirely reasonable to let the plaintiff go through his process and discover, and eventually they do get to the windows. But they ignore, is there not evidence in the record that they, customer service, asked for more information in March of 2013, and that the defendant closed that request on 4-24-13 because your client didn't provide the requested additional information? Is that not a fact issue that's in the record, that the jury could have listened to? That is in the record, but if you will look at that sit note, she in fact does call them back, does provide the information. There's an entry there where they're talking about crank candles in that same time period, where he's entering information. He doesn't say, she called me, but he takes an order for crank candles, and they discuss the issue, if you look closely at that. Jailman never sends somebody out to inspect. They don't give them a name of give us some more information. Later on, she calls them again and says, hey, what's the story on this? And at that point, they say, oh, go talk to these window people. Well, she contacts other people. She has her general contractor inspect. She has water intrusion experts inspect, and then she moves forward with the claims that she believed were valid. Her general and 1,500 of that was related to the windows, but it's about cleaning windows. It's not about, um, fixing, you know, water intrusion at the windows. So I don't think that she ignored that. I think that that actually shows that Jaildwin had information. There's a person calling multiple times trying to tell them and get them to come out and tell them what's going on with the windows. They never do. But again, they just refer her to somebody else. Counsel, can you discuss the attorney's fees claim under the warranty? Um, you know, if there wasn't a specific box for a fees in the verdict form, and I don't see anything in the record that says that you're the parties agreed with the court to wait and do attorney's fees after the main trial. So why do we get to come in after the fact and do attorney's fees? Now, if if there wasn't some sort of there wasn't a blank for it, and there was no agreement with the court that you take that up on the back end or something, there is, in fact, an agreement with the court that attorneys fees would not be placed on the jury version that the court would determine that. If you look at, uh, the record, um, you gave me a minute. I could. I could cite exactly to where that's at in the record. But that was pulled out from the jury verdict form, and the court took that and was was going to decide that, I think. And that was on the warranty claim as well as on the redhibition claim. That was the court agreed that no matter what basis the attorney's fees would be awarded under, the court will take it up on the back end, have a hearing or something, or let just submit affidavits. Yes, ma'am. The law is the same, and that's where I think we agree is that if whether you're bringing a breach of express warranty against defects, the redhibition claim is a law of redhibition with all its warranties comes in and it's recovery. So whether you're saying Oh, no, we can't hear you all of a sudden. I think your signals gotten a little bad. Um, well, don't run his clock out. Here it comes. How about now? Okay, we can hear you again. All right. Sorry about that. Um, I'm not sure where you lost me, but I was just gonna say that the law is the same under redhibition, whether there's just a hidden defect that's a rehabilitory defect or whether there's a claim that arises from breach of an express warranty. So the manufacturer says this product will not fail for 20 years, and it fails within 20 years. Well, it's a breach of express warranty, but it's brought in redhibition under Louisiana law, and you're entitled to all the remedies for redhibition under Louisiana law. Okay, so if we go back and look at this record site that you tell us is there, is it gonna say we've agreed to take up attorney's fees on express war on warranties on the back end? Or is it gonna say we've agreed to or is it? What? What does it say in this record that you can't find right the second? I just want to know what the content is as my recollection, and I have it in front of me. I could I can slowly find it. But my recollection is that, um, the court said we're not putting that on the on the jury verdict. It's in the discussion of the jury verdict form. What's that? What's that? Ma'am, the jury verdict form right now. What is it that they're not gonna put on attorney's fees? Under what cause of action or claim? It's not specified. It just says that the court is not putting attorney's fees to the jury is really all it said. Um, and so, Your Honor, I'd like to move on to the issue of waiver. I think that there's no question that the jury found that these claims were timely and awarded a lump sum. And one of the other gentleman's arguments is that, well, plaintiffs actually waived any right to recover. Um, under Louisiana law, a waiver of reddition has to be expressed. It must reference specifically waive reddition. Waivers of other warranties or implied warranties are not sufficient to waive a claim for reddition. Um, and and that includes limitations as well. Limitations on the warranty. But even still, there's awarded or sought by plaintiffs here. There's no waiver of attorney's fees. There's no waiver of direct damages. And in fact, the warranty expressly provides for the return of the purchase price. So we think even if you take the warranties, um, and the waivers in the warranty, it does not reach, um, any of the remedies that are being sought by the plaintiffs. In fact, the warranty recognizes that you may have remedies under state law. It states that expressly that this warranty gives you rights and you may have additional rights under state law as varies by state. So we don't think that there's anything in the warranty that waves anything that's being sought by the plaintiffs. What is the what is the basis for stating that the 37,000 odd dollars for the windows isn't included in that breach of warranty award of 335,000 looking just at the jury verdict form. You know, Your Honor, I think that that's, um, the only basis to say that is that the trial court in analyzing the award said these were all direct damages and that there were sufficient evidence presented of direct damages that that these could be awarded. Um, whether or not I will say at trial, there was evidence of replacement windows and cost for replacement windows in there. So to the extent that is a direct damage that was awarded, I think it's been awarded within that that amount. And therefore, we would say, um, we're just looking at a trial. I mean, attorney's fees provision, Your Honor. So are you conceding that you're not trying to get the 30 something thousand? Then you're only trying to get attorney's fees now. No doubt that the 37,000 plus interest is due under the warranty or red mission. The question lies as to whether the jury could have factored in replacement windows in its lump sum direct damage cost. I have no basis that jail one can't cite anything in the record that that makes up what that claim is, and I can't either. And so, uh, it is possible that that amount would include that just a candor to the court. So you're just arguing about your attorney's fees then on your side of the ledger? Well, definitely are arguing about attorney's fees. We think that's due. We also think return of the purchase prices do. It's just impossible to determine whether that is a valid claim based off of what the lump sum that might already be covered. It may, Your Honor. And I'm just in candor to the court. I mean, really, the only new damages that you can say for sure would be attorney's fees. Yes. Yes, ma'am. Yeah, we're not. We're not seeking any extra damages onto what's been awarded. We're just saying that under red admission, we're trial judge took that on and then did not award it based off of determining that it was a contract claim and not a reddition claim. Don't you think you should talk about the Marseilles case if everybody else has been talking about it? Yes, ma'am. The Marseilles case actually has very little to do with this case at all. It is. There's no question about, um, the source of the water in the Marseilles case. It's not a question about the defects, whether the person knew about the defect or not. All Marseilles says is what I said at the opening. Yeah, breach of warranty claims are governed by reddition, and the time period is not 10 years. It's one year, but we think it doesn't matter. We're timely under one year. Literally, the rot defect claim was discovered during the course of litigation. It's there's no way you can possibly find that it was prescribed in my mind. Um, but it also doesn't speak to whether the other claims were prescribed. All it speaks to is it's one year, not 10 years. The Jordan case is a Louisiana Supreme Court case and is controlling and is a water intrusion case that is much more informative. And I had the plaintiffs in Marseilles challenged and said, Look, we don't know what the defect is. We don't know whether the windows of leaking or something else is leaking. I think the case can can go the way that it's going that it went. That's that's the Jordan case. Multiple sources of water intrusion court states. And so long as there's a question about the source of water intrusion, you're not gonna begin the running of prescription. Just to clarify, your theory is that you comply with the one year or that you don't have to comply with the one year? No, that we 100% did comply with the one year on every express warranty claim. Yes, sir. Judge, I assume his time is what he's got about two minutes left. I'm seeing it now. Uh, counsel, in light of your concession that you can't say that the 3 35 doesn't include the 37 for or the what your clients paid for the windows. Are you also then withdrawing your claim for saying that it can't be determined whether the jury awarded replacement windows as a direct damage? Well, then what what you're seeking in effect is double recovery. Then that's what I'm That's what I'm withdrawing, Your Honor. I'm just saying I can't determine that attorney's fees is still what's out there as a remedy. All right, so the only thing you want for your retribution claim is attorney's fees that I think we're Yes, sir. We're entitled to attorney's fees. I think, um, the trial court did say that all of the claim all of the lump sum awarded was direct damages. Now, whether, um, replacement windows are direct damages and and compensate for purchase price. Um, I, you know, I don't want. We're not trying to double collect is all I'm trying to say. If it's you're also attorney's fees under the warranty. So really, there's nothing. If we accept your concession, there's we don't have to actually decide the timeliness of the retribution claim unless we we just have to decide whether warranties can exist in the under this contract. In light of the direction about retribution claims and the war and the statute limitations, whether or not you can have these independent warranty claims. That's the question before us. And whether or not you should get your attorney's face. I think that's accurate. Your honor, you're just trying to determine. Does the red law of retribution apply to the warranty claims, which the jury determined were timely? And if it does, you're entitled to return of attorney's fees. Thank you. Your anything else? Okay, thank you. We have your argument. Mr Davies, you've saved time for rebuttal. Thank you, your honors. Just to quickly address that the last comment, um, the jury did not render any decision on the timeliness of the warranty claim. The jury did not render any decision as to the timeliness of any of the claims. The jury made a factual determination that they knew about the defect before August 29th of 2015. And then, as a all of the claims should be dismissed. Um, there are 10 years limitations for the contract, so there's no way that it's too late for that. Is there? Louisiana has a has a 10 year prescriptive period for breach of contract. Um, however, the claims that are brought under the express warranty, um, are found are based in retribution, and they had to make those claims within a year. And that's what this court held in in P P G. Um, in particular, the court held that a claim for defective panels, uh, was a claim for retribution despite the existence of an express warranty. And Judge John Parker, uh, in the Middle District, dismissed it. And the Fifth Circuit upheld that decision, um, and found that courts in Louisiana has held unequivocally that actions based on breach of warranty against defects are to be brought in retribution instead as a breach of contract. And that's the P P G case that we've cited. And that's in part what Marseille followed that decision that there is no separate claim for breach of warranty. Um, if the basis and the damages are found in breach of contract subsumes breach of warranty simply because it's a written representation. I'm saying that breach breach of the warranty against redhibitory defects subsumes breach of warranty claims because the basis for the breach of warranty claims in P P G in Marseille and in this case is a and have found that you can't wait nine years to sue for breach of warranty when the basis for your claim for breach of warranty is that the product that you purchased has a redhibitory defect. That's what P P G and Marseille stand for. And that's the basis of our appeal. And I found it. You know, the not as controlling as Jordan is from a factual standpoint is is a little off point to me because the Jordan Louisiana Supreme Court case had this to say. Prescription did not begin to run until the plaintiff had a reasonable reasonable basis to pursue a claim against a specific defendant. That talks about the discovery rule, and it does not talk about the rule followed by P P G and Marseille that breach of warranty claims based on redhibitory defects are subsumed under the red redhibition claim theory. If I heard counsel correctly, they're not really disputing that the one year rule applies. They're just saying that they complied with it. That that's exactly that's exactly right. That is their position. And what interesting about that is that the Jordan Legro and Beth Israel cases were all discussed in the charge and instruction conferences in this case, and this how the jury jury was instructed in where, and this is a quote from record 1942 page 1942. In cases where a potential defect is hard to discern, Louisiana courts have typically found that a buyer did not have knowledge until the buyers had consulted with an expert or fact because of the problems themselves. So was instructed based on Jordan Legro and Beth Israel, the cases that plaintiffs site in their briefs and still determined factually that plaintiffs had noticed of the defect prior more than a year before filing the suit. And that's how the case needs to be dismissed. Well, you just hit the nail on the head when you see that it's a factual issue. This was all presented to the jury, and the jury clearly granted granted the relief. Anyway, they the jury made a factual determination that they knew more than a year after the fact. That's where we asked the court of the trial court in the middle district to dismiss the claims because the jury determined as a matter of fact, they knew more than a year before filing suit. And the impact of that is case needs to be dismissed because the warranty claims are subsumed into retribution, and there's a one year statute for that. Are you saying that the jury charge cited cases to the jury? Your Honor, it did not cite cases, but that was that's that's all I need. Council. Okay. Assuming arguendo that there are direct damages that are not subsumed in the one year retribution. Why is the plaintiff not entitled to have the district court? Look at the attorney's fees question. If that was the agreement ahead of time and attorney's fees are available under warranty, and these air direct damage is not subsumed under retribution. Assuming all of that hypo shouldn't the district court have considered attorney's fees because the warranty language limits the recovery to the purchase price plus judicial interest. And as as the parties are headed into trial, they submit the verdict form, which itemizes approximately eight sources of recovery and items of damages under retribution, and there's no itemization under the warranty. And so it's your position that the court did not agree to take that up separately on the back end. I believe that the court and the parties did not believe that there was any potential for attorney's fees to be recovered under a breach of warranty theory. Okay. Thank you. Thank you, Your Honors. We have your arguments. We appreciate them, and we appreciate you participating in this format with us as we did do it to do our best to hear your case. Uh, the case is submitted.